## Baldwin, etc., v. American Motor Sales Company

*Bryan & Evans,* for plaintiff.
*Gunnison, Fish, Gifford & Chapin,* for defendant.

ROSSITER, P. J., March 24, 1933.—This is a petition to strike off a judgment for $1,650 due and payable and in default under the terms of a lease dated February 16, 1927. There is no contention that the lessee is in default to this amount. The lease recites that on failure of the second party to pay the instalments of rent due, the lessee authorizes and empowers any attorney of any court of record in Pennsylvania to appear in court and, at the option of the lessor, judgment may be entered against the lessee for the rent due and payable under the terms of this lease for the entire term. In our opinion the expression "for the entire term thereof" means that judgment may be entered for the rent due as often as there occurs default during the entire term thereof. If, instead of the word "for" preceding the words "the entire term thereof", the word "during" is substituted, which means the same, this provision would read "that judgment may be entered for rent due and payable under the terms of this lease during the entire term thereof." In other words, whenever there is a default and rent is due judgment may be entered for the amount payable. We are aware of the rule that the entry of a judgment upon a power of attorney so to do exhausts that power of attorney, but here the expression "for the entire term thereof" certainly means something, and in our opinion it means that if the lessee becomes in default the lessor, at his option, may enter judgment for the rent that is in default as often as it is in default.

The rule, therefore, granted December 15, 1932, to show cause why the judgment should not be stricken off is now, March 24, 1933, discharged.

From Otto Herbst, Erie, Pa.